# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY,** *Plaintiff* | § § § § § § § § § § § | No. 1-23-CV-01524-DII |
| v. | | |
| **LAT LONG INFRASTRUCTURE, LLC, ET AL.,** *Defendants* | | |

# REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE UNITED STATES DISTRICT JUDGE

Plaintiff Berkshire Hathaway Specialty Insurance Company ("Berkshire Hathaway") filed this suit in December 2023. Dkt. 1. Defendants Lat Long Infrastructure, LLC ("LLI"), Lat Long Infrastructure of California, LLC, and Daniel Robert Urban (collectively, "Defendants") did not—and still have not—appeared. Pursuant to the District Judge's order, Dkt. 9, Berkshire Hathaway moved for entry of default, which the clerk entered at Dkt. 10. Berkshire Hathaway now moves for default judgment. Dkt. 12. After reviewing the motion and the relevant case law, the undersigned recommends that Berkshire Hathaway's motion be granted.

## I.   BACKGROUND

Berkshire Hathaway issued construction surety bonds on behalf of LLI. *See* Dkt. 1-1. In exchange, Defendants agreed to indemnify Berkshire Hathaway for any

1

loss incurred. *See* Dkt. 1-1; Dkt. 1, at 3. Under that agreement, "loss" encompasses "all liability, loss, costs, damages, advances and expenses, of any kind or nature whatsoever" incurred in connection with the bonds. Dkt. 1-1, at 7. Berkshire Hathaway alleges that Defendants breached the parties' agreement when LLI failed to pay its subcontractors and suppliers and failed to provide Berkshire Hathaway with access to their books and records. Dkt. 1, at 5. Berkshire Hathaway thereafter asked Defendants to produce the books and records and post collateral security or release Berkshire Hathaway from all liability in connection with the bonds. *Id.* at 5-6. Again, Defendants did not respond. *Id.* at 6. As a result, Berkshire Hathaway brought this suit, claiming that Defendants breached the indemnity agreement, among other claims. *Id.* at 6-10.[1]

Defendants did not appear or otherwise respond to Berkshire Hathaway's complaint. The District Judge ordered Berkshire Hathaway to move for entry of default against Defendants or file a status report. Dkt. 9. Berkshire Hathaway moved for, and the clerk entered, default against Defendants. Dkts. 10, 11. Berkshire Hathaway now moves for default judgment, asking this Court to award it $179,249.39, inclusive of attorneys' fees and expenses, plus pre- and postjudgment interest. Dkt. 12, at 4.

---

[1] In its complaint, Berkshire Hathaway seeks payment under theories of "common law indemnity," "exoneration," and "collateralization," as well as payment of attorneys' fees and expenses and specific performance of Defendants' collateral obligations and duty to furnish books and records. Dkt. 1, at 6-10. Berkshire Hathaway also sought a preliminary injunction ordering Defendants to deposit collateral with Berkshire Hathaway and immediately produce its books and records, which the District Judge did not grant—presumably because preliminary-injunction requests must be made by motion. *Id.* at 9; Fed. R. Civ. P. 7(b).

2

## II.     LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)-(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister,* 562 F.2d 343, 345 (5th Cir. 1977).

In considering Berkshire Hathaway's motion, the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether Berkshire Hathaway's complaint sets forth facts sufficient to establish that it is entitled to relief; and (3) what form of relief, if any, Berkshire Hathaway should receive. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).[2]

---

[2] Plaintiff has established Defendants were properly served, and the District Court entered default. Fed. R. Civ. P. 55(a); Dkts. 5, 7, 8, 11. Plaintiff states that no Defendant is a minor or incompetent person. *See* Fed. R. Civ. P. 55(b)(2); Dkt. 12, at 3. Plaintiff has also established that no Defendant is "in military service." 50 U.S.C. § 3931; Dkt. 12-3.

### III. DISCUSSION

#### A. Procedural Requirements

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

On balance, the *Lindsey* factors weigh in favor of entering a default judgment against Defendants. Because Defendants have not filed a responsive pleading, there are no material facts in dispute. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Defendants' failure to appear and respond has ground the adversary process to a halt, prejudicing Berkshire Hathaway's interest in pursuing its claim for relief. *See J & J Sports*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.") (internal citation and quotation marks omitted). The grounds for default are established: Defendants were properly served and have failed to appear and participate at all, much less timely file a responsive pleading. *See* Dkts. 4, 5, 8. There is no indication that the default was caused by a good-faith

mistake or excusable neglect. The undersigned therefore finds that default judgment is procedurally warranted.

### B. Sufficiency of Berkshire Hathaway's Complaint

Default judgment is proper only if the well-pleaded factual allegations in Berkshire Hathaway's complaint establish a valid cause of action. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id.* In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In its complaint, Berkshire Hathaway asserts eight causes of action against Defendants. Dkt. 1, at 6-10. However, in its motion for default judgment, Berkshire Hathaway asks only that this Court award damages for the "loss" it incurred under the contract, as defined by the parties' agreement. Dkt. 12, at 3-4; Dkt. 12-4, at 4, 17.

Accordingly, the undersigned will address whether Berkshire Hathaway's complaint establishes a valid cause of action for breach of contract (here, the indemnity agreement, Dkt. 1-1).

To prevail on a breach of contract claim, Berkshire Hathaway must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, LLC*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). First, Berkshire Hathaway has alleged that the indemnity agreement is a valid contract. Dkt. 1, at 3. It also produced the indemnity agreement, signed by its representatives as well as Defendants' representatives, as evidence. *See* Dkt. 1-1. Second, Berkshire Hathaway has pleaded that it performed under the contract through issuing five bonds on LLI's behalf. Dkt. 1, at 3; *see* Dkt. 12-4, at 1; Dkt. 1-1, at 2 (obligating Defendants to indemnify Berkshire Hathaway as inducement for Berkshire Hathaway's issuance of any bond). Third, Berkshire Hathaway alleges that Defendants have breached the contract. Dkt. 1, at 6. There is no evidence in the record that Defendants reimbursed or otherwise indemnified Berkshire Hathaway as required under the agreement. *See* Dkt. 1-1, at 2. Fourth and finally, Berkshire Hathaway alleges that it has incurred damages in the amount of losses under the bonds, which Defendants failed to pay. Dkt. 1, at 6-7; *see* Dkt. 12-4, at 3.

Berkshire Hathaway's factual allegations and the record before the undersigned are enough to raise its right to relief above a speculative level as to its breach of contract claim against Defendants. *Wooten*, 788 F.3d at 498. The undersigned finds that default judgment is warranted here.

### C. Relief

Federal Rule of Civil Procedure 54(c) states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In other words, the relief prayed for in a complaint defines the scope of relief available on default judgment. *Id.*

A defendant's default concedes the truth of the allegations of the complaint concerning the defendant's liability, but not damages. *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Ordinarily, damages will not be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, when the amount of damages or costs can be determined with certainty by reference to the pleadings and supporting documents, and when a hearing would not be beneficial, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *Id.* at 311.

#### 1. *Contract Damages*

Because the amount of damages and costs in this case can be ascertained with reference to the pleadings and supporting documents, the undersigned may

7

determine the amount of damages Defendants owe based on the record. *See id.* at 310. Because Berkshire Hathaway's breach-of-contract claim arises under Texas law, Texas law governs the award of damages here. *See, e.g., Balfour Beatty Rail, Inc. v. Kansas City S. R.R. Co.*, 173 F. Supp. 3d 363, 394-95 (N.D. Tex. 2016) (applying Texas law to determine whether there was a breach of contract and what damages the breaching party owed); *CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 278 (5th Cir. 2009) (applying Texas law to the issue of what damages were owed in a breach-of-contract case after the parties agreed that Texas law controlled the substantive claims).

Under Texas law, "the normal measure of damages in a breach of contract case is the benefit-of-the-bargain measure." *Balfour*, 173 F. Supp. 3d at 395 (quoting *Mays v. Pierce*, 203 S.W.3d 564, 577 (Tex. App.—Houston [14th Dist.] 2006, pet. denied)). In other words, "'[a] nonbreaching party is generally entitled to all actual damages necessary to put it in the same economic position in which it would have been had the contract not been breached.'" *CQ*, 565 F.3d at 278 (quoting *Abraxas Petrol. Corp. v. Hornburg*, 20 S.W.3d 741, 760 (Tex. App.—El Paso 2000, no pet.)).

Berkshire Hathaway posits that its damages, measured in terms of the losses it incurred under the bonds, are $170,933.68.[3] Dkt. 12-4, at 17-20. The indemnity agreement that forms the basis of this suit obligated Defendants to "indemnify, exonerate, save and hold harmless, and reimburse [Berkshire Hathaway] from, against, and with respect to any and all [l]oss," where loss is defined to include "all

---

[3] Berkshire Hathaway asks this Court to award $179,249.39, inclusive of $8,315.71 in attorneys' fees and costs. Excluding attorneys' fees and costs, which the undersigned discusses below, Berkshire Hathaway asks for $170,933.68 in contract damages.

liability, loss, costs, damages, advances and expenses, of any kind or nature whatsoever, incurred or sustained … in connection with the furnishing of [the bonds]." Dkt. 1-1, at 2, 7. Therefore, the contract entitles Berkshire Hathaway to reimbursement for the losses it incurred under the bonds. Awarding damages in the amount of that loss would put Berkshire Hathaway in the same economic position in which it would have been had the contract not been breached. *See CQ*, 565 F.3d at 278. The undersigned therefore recommends awarding Berkshire Hathaway $170,933.68 in contract damages. *See* Dkt. 12-4, at 17-20 (demonstrating damages owed).

2. *Attorneys' Fees*

The undersigned recommends awarding Berkshire Hathaway its attorneys' fees and costs in full. *See* Dkt. 12, at 4 (requesting relief in the form of attorneys' fees and costs). "State law controls both the award and reasonableness of fees awarded where state law supplies the rule of decision." *Keiland Constr., LLC v. Weeks Marine, Inc.*, 109 F.4th 406, 422 (5th Cir. 2024) (quoting *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002)). Texas law provides that a prevailing party[4] "may recover reasonable attorney's fees … in addition to the amount of a valid claim and costs, if the claim is for … (8) an oral or written contract." Tex. Civ. Prac. & Rem. Code §

---

[4] "A plaintiff in a contract breach case must recover damages or obtain some other affirmative relief in order to be considered a 'prevailing party' for purposes of an attorney's fee award." *Versata Software, Inc. v. Internet Brands, Inc.*, 902 F. Supp. 2d 841, 865 (E.D. Tex. 2012) (listing cases). If the District Judge awards damages as the undersigned recommends, Berkshire Hathaway will be a prevailing party for the purpose of awarding attorneys' fees.

38.001(b). Texas law also presumes that "the usual and customary attorney's fees for a [contract claim] are reasonable." *Id.* § 38.003.

Berkshire Hathaway requests that this Court award it $8,315.71 in combined attorneys' fees and costs. Dkt. 12-5. It supports its request for fees with an affidavit from its counsel attesting to the reasonableness of the fees requested, a statement of the hours its attorneys billed while litigating this dispute, and a statement of related costs. *Id.* Averring that the rates his firm charged were reasonable for the services provided, counsel for Berkshire Hathaway calculates the total lodestar[5] amount claimed based roughly on the rate of the junior attorney in this matter. *See* Dkt. 12-5, at 5. The undersigned is satisfied that the claimed amount is reasonable and recommends granting Berkshire Hathaway these fees and costs in full.

### 3. *Prejudgment Interest*

The undersigned recommends awarding Berkshire Hathaway prejudgment interest. State law governs the award of prejudgment interest in diversity cases. *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010). While no statute governs the award of prejudgment interest for breach-of-contract cases, equitable prejudgment interest is available "as a matter of course." *Matter of Okedokun*, 968 F.3d 378, 392 (5th Cir. 2020) (stating that statutory prejudgment interest applies only in cases of wrongful death, personal injury, property damage,

---

[5] The Supreme Court has held that the lodestar is "the most useful starting point for determining the amount of a reasonable fee[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Modifications to the lodestar figure are permissible only in "rare and exceptional cases." *Penn. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (internal quotations omitted). The undersigned finds no exceptional circumstances warranting a departure from the lodestar figure here.

and condemnation); *see* Tex. Fin. Code §§ 304.102, 304.201. District courts may only exercise their discretion to forgo an award of prejudgment interest when there are "exceptional circumstances." *Id.* There are no exceptional circumstances that counsel against awarding prejudgment interest here. Thus, the undersigned recommends that Berkshire Hathaway be awarded prejudgment interest at the prime rate established by the Federal Reserve from the date Berkshire Hathaway initiated this action until the day preceding the date the District Judge enters final judgment.[6]

    4.    *Postjudgment Interest*

The undersigned recommends awarding Berkshire Hathaway postjudgment interest, as well. Federal law applies to the award of postjudgment interest. *See Travelers Ins. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993) (citing *Chapman & Cole v. Itel Container Int'l B.V.*, 865 F.2d 676, 689 (5th Cir. 1989)). In particular, federal law provides that "[i]nterest shall be allowed on any monetary judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Therefore, Berkshire Hathaway should receive postjudgment interest on the entire amount of the final judgment as calculated pursuant to § 1961.

---

[6] *See Int'l Turbine Servs., Inc. v. VASP Brazilian Airlines*, 278 F.3d 494, 499 (5th Cir. 2002) ("Texas common law allows prejudgment interest to accrue at the same rate as postjudgment interest."); Tex. Fin. Code § 304.003(c)(2) (providing that the postjudgment interest rate is "the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation"); *id.* § 304.104 (except as otherwise provided by statutes inapplicable here, "prejudgment interest accrues on the amount of a judgment during the period beginning on the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed and ending on the day preceding the date judgment is rendered. Prejudgment interest is computed as simple interest and does not compound.").

## IV.     RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT** Berkshire Hathaway's motion for default judgment against Defendants, Dkt. 12. Berkshire Hathaway should be awarded contract damages in the amount of $170,933.68 and attorneys' fees and costs in the amount of $8,315.71. Berkshire Hathaway should also be awarded prejudgment and postjudgment interest as described above.

The referral of this case should now be **CANCELED.**

## V.     WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED October 21, 2024.

                                        DUSTIN M. HOWELL
                                        UNITED STATES MAGISTRATE JUDGE